**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MORRIS, on Behalf of Herself and all Others Similarly Situated,<br><br>                        Plaintiff,<br>          v.<br><br>SUNPOWER CORP., MODERNIZE INC., and SUNRONA SOLAR LLC,<br><br>                        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sylvia Morris ("Morris" or "Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

## PARTIES

1. Plaintiff Sylvia Morris is, and at all times mentioned herein was, a resident of Carrollton, Texas and a citizen of the State of Texas.

2. Defendant SunPower Corp. is a Delaware corporation with its principal place of business at 77 Rio Robles, San Jose, CA 95134.

3. Defendant Modernize Inc. is a Delaware corporation with its principal place of business at 804 Congress Avenue, Suite 400, Austin, TX 78701-2651.

4. Defendant Sunrona Solar LLC is an Oregon corporation with its principal place of business at 5200 SW Meadows Road, Suite 150, Lake Oswego, OR 97035.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District and Defendant SunPower Corp.'s principal place of business

is in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.     The Telephone Consumer Protection Act Of 1991**

8.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.     Among other things, the TCPA, through implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation [to] . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**B.     Defendants' Calls to Plaintiff Sylvia Morris**

10.     Ms. Morris' residential telephone number has been listed on the National Do Not Call Registry since at least at least 2015.

11.     Prior to the calls at issue in this action, Plaintiff had no relationship whatsoever with Defendant and never had any contact with Defendants.  Ms. Morris has never consented in writing, or otherwise, to receive telephone calls from Defendants.  Plaintiff has never provided Defendants with her residential telephone number.

12.     The following chart shows each date and time that Defendants called Ms. Morris on her residential telephone number to sell her solar panels, the phone number that Defendants used to place the calls and which entity placed the calls:

**Defendants' Calls to Plaintiff Morris**

| **Date** | **Time** | **Number Calling** | **Entity Calling** |
| --- | --- | --- | --- |
| 6/12/2017 | 1:23 PM CT | 972-232-3570 | SolarRebates.com (Sunrona Solar LLC) |
| 6/12/2017 | 6:10 PM CT | 972-232-3570 | SolarRebates.com (Sunrona Solar LLC) |
| 6/28/2017 | 2:31 PM CT | 972-512-4947 | SunPower |

13.     In total, Defendants called Ms. Morris at least three times despite the fact that her

residential telephone number is on the National Do Not Call Registry.

14. During the June 12, 2017 calls, the call operator identified herself as an employee of solarrebates.com  That website states that is owned by Sunrona Solar LLC.  Sunrona attempted to sell Ms. Morris solar energy products.

15. During the June 28, 2017 call, SunPower attempted to sell Ms. Morris solar energy products.  The operator from SunPower stated that it had obtained the lead for Ms. Morris from Defendant Modernize, a well-known dealer of "solar leads."  This information, and the timing of the calls, strongly suggests that Sunrona placed the calls on behalf of Modernize and SunPower, and that Modernize and SunPower thereby ratified the TCPA violations of Sunrona and knowingly accepted the benefits of those violations.  All this despite the fact that Ms. Morris was on the National Do Not Call Registry, had no business relationship with any of the defendants and never consented or otherwise agreed to override her do-not-call status.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

17. Plaintiff proposes the following class definition:

> All persons in the United States who: (a) received more than one telephone solicitation call, initiated by any Defendant to promote their products or services; (b) in a 12–month period; (c) on their cellular telephone line or residential telephone line; (d) more than 30 days after registering their telephone number(s) on the National Do Not Call Registry; and (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Plaintiff represents, and is a member of, this proposed class.  Excluded from the class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

18. Plaintiff does not know the exact number of members in the proposed class, but reasonably believes based on the scale of Defendants' businesses, and the number of online complaints, that the class is so numerous that individual joinder would be impracticable.

19. Plaintiff and all members of the proposed class have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

20. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed class can be identified easily through records maintained by Defendants.

21. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendants made telephone calls to class members on the National Do Not Call Registry
   b. Whether Defendants' conduct was knowing and/or willful;
   c. Whether Defendants are liable for damages, and the amount of such damages, and
   d. Whether Defendants should be enjoined from engaging in such conduct in the future.

22. As someone who received numerous and repeated calls on her telephone despite the fact that she is on the National Do Not Call Registry, Plaintiff asserts claims that are typical of each member of the class. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

23. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

24. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action

for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

25. Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

26. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

28. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

30. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

31. The foregoing acts and omissions of Defendants constitute numerous and multiple

violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f. Such other relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  August 4, 2017                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ L. Timothy Fisher*
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:   ltfisher@bursor.com
              jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*