ROGERS JOSEPH O'DONNELL
Aaron M. Scolari (State Bar No. 237397)
ascolari@rjo.com
Joshua M. Deitz (State Bar No. 267454)
jdeitz@rjo.com
311 California Street
San Francisco,  California 94104
Telephone:  415.956.2828
Facsimile:  415.956.6457

Attorneys for Defendant
MODERNIZE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MORRIS, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNPOWER CORP., MODERNIZE INC., and SUNRONA SOLAR LLC,<br><br>Defendants. | Case No. 5:17-CV-04444-NC<br><br>**CLASS ACTION**<br><br>**DEFENDANT MODERNIZE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date of first filing:      August 4, 2017 |

Defendant Modernize, Inc. hereby answers Plaintiff Sylvia Morris' ("Plaintiff")

Complaint as follows:

**NATURE OF ACTION**

**PARTIES**

1.      In response to Paragraph 1 of the Complaint, Modernize, Inc.

("Modernize") lacks knowledge or information sufficient to form a belief as to the truth of the

allegations, and denies them on that basis.

2.      In response to Paragraph 2 of the Complaint, Modernize lacks knowledge

or information sufficient to form a belief as to the truth of the allegations, and denies them on that

basis.

///

3.      Modernize admits the allegations in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, Modernize lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies them on that basis.

5.      In response to Paragraph 5 of the Complaint, Modernize lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies them on that basis.

6.      Modernize admits the allegations in Paragraph 6 of the Complaint.

7.      In response to Paragraph 7 of the Complaint, Modernize admits that it transacts business within this District.  Modernize lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and denies them on that basis.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.      The Telephone Consumer Protection Act of 1991**

8.      Paragraph 8 of the Complaint purports to describe the motivation of Congress in enacting the Telephone Consumer Protection Act ("TCPA") in 1991.  Modernize lacks knowledge or information sufficient to form a belief as to the specific motivation for members of Congress to enact the TCPA in 1991, and denies the allegations on that basis.

9.      In response to Paragraph 9 of the Complaint, Modernize respectfully refers the Court to the cited statute and regulation for a complete and accurate statement of their contents, and otherwise denies the allegations in this Paragraph.

**B.      Defendants' Calls to Plaintiff Sylvia Morris**

10.      In response to Paragraph 10 of the Complaint, Modernize lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies them on that basis.

11.      Modernize denies the allegations in Paragraph 11 of the Complaint.

12.      Modernize admits that it made the three calls to Plaintiff set forth in Paragraph 12 of the Complaint.  Modernize lacks knowledge or information sufficient to form a

Page 2

1  belief of any remaining allegations in Paragraph 12 of the Complaint, and denies them on that

2  basis.

3          13.     In response to Paragraph 13 of the Complaint, Modernize admits that it

4  called Plaintiff at least three times after obtaining Plaintiff's prior express written consent to call

5  her.  Modernize lacks knowledge or information sufficient to form a belief of any remaining

6  allegations in Paragraph 13 of the Complaint, and denies them on that basis.

7          14.     In response to Paragraph 14 of the Complaint, Modernize admits that

8  during a June 12, 2017 call the caller said she was from solarrebates.com.  Modernize lacks

9  knowledge or information sufficient to form a belief of any remaining allegations in Paragraph 14

10  of the Complaint, and denies them on that basis.

11          15.     In response to Paragraph 15 of the Complaint, Modernize denies that

12  Sunrona placed calls to Plaintiff on behalf of Modernize; Modernize denies that it ratified any

13  alleged TCPA violations by Sunrona or knowingly accepted the benefits of those violations; and

14  Modernize denies that Plaintiff never consented or otherwise agreed to override her do-not-call

15  status.  Modernize lacks knowledge or information sufficient to form a belief as to the truth of the

16  remaining allegations in Paragraph 15 of the Complaint, and denies them on that basis.

17                          **CLASS ACTION ALLEGATIONS**

18          16.     In response to Paragraph 16 of the Complaint, Modernize admits that

19  Plaintiff purports to bring this action on behalf of herself and other persons similarly situated, but

20  denies that there are any persons similarly situated under Federal Rule of Civil Procedure 23.

21          17.     In response to Paragraph 17 of the Complaint, Modernize admits that

22  Plaintiff proposes a National Do Not Call Class, but denies that the proposed class has any merit.

23  Modernize lacks knowledge or information sufficient to form a belief as to the truth of the

24  remaining allegations in Paragraph 17 of the Complaint, and denies them on that basis.

25          18.     Modernize denies the allegations in Paragraph 18 of the Complaint.

26          19.     Modernize denies the allegations in Paragraph 19 of the Complaint.

27          20.     Modernize denies the allegations in Paragraph 20 of the Complaint.

28          21.     Modernize denies the allegations in Paragraph 21 of the Complaint.

DEFENDANT MODERNIZE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT –
CASE NO: 5:17-CV-04444-NC

401095.1

22.     Modernize denies the allegations in Paragraph 22 of the Complaint.

23.     In response to Paragraph 23 of the Complaint, Modernize lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies them on that basis.

24.     Modernize denies the allegations in Paragraph 24 of the Complaint.

25.     Modernize denies the allegations in Paragraph 25 of the Complaint.

<u>**CAUSES OF ACTION**</u>

<u>**FIRST COUNT**</u>

<u>**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.***</u>

26.     In response to Paragraph 26, Modernize realleges and incorporates by reference all of its denials and responses in paragraphs 1 through 25 as if fully set forth herein.

27.     Modernize denies the allegations in Paragraph 27 of the Complaint.

28.     Modernize denies the allegations in Paragraph 28 of the Complaint.

29.     In response to Paragraph 29 of the Complaint, Modernize admits that Plaintiff seeks injunctive relief but denies that Plaintiff is entitled to such relief.

<u>**SECOND COUNT**</u>

<u>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.***</u>

30.     In response to Paragraph 30, Modernize realleges and incorporates by reference all of its denials and responses in paragraphs 1 through 29 as if fully set forth herein.

31.     Modernize denies the allegations in Paragraph 31 of the Complaint.

32.     Modernize denies the allegations in Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Modernize admits that Plaintiff seeks injunctive relief but denies that Plaintiff is entitled to such relief.

<u>**PRAYER FOR RELIEF**</u>

34.     Modernize denies that Plaintiff is entitled to any relief requested.

///

DEFENDANT MODERNIZE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT –
CASE NO: 5:17-CV-04444-NC

401095.1

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1.   The Complaint fails to allege facts sufficient to state a cause of action against Modernize.

**SECOND AFFIRMATIVE DEFENSE**
**(Consent)**

2.      Plaintiff and the putative class are barred in whole or in part from asserting their claims because they provided Modernize with the requisite consent to dial their phone numbers and, as such, no violations occurred.

**THIRD AFFIRMATIVE DEFENSE**
**(No Use of Automatic Telephone Dialing System)**

3.      The TCPA claims are barred because Modernize did not use an Automatic Telephone Dialing System, as defined in the TCPA.

**FOURTH AFFIRMATIVE DEFENSE**
**Acquiescence and Ratification**

4.      Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence and ratification.

**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

5.      Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver)**

6.      Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of waiver.

///

///

Page 5

DEFENDANT MODERNIZE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT –
CASE NO: 5:17-CV-04444-NC

401095.1

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

7.       Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Fault of Third Parties/No Vicarious Liability)

8.       To the extent that the Complaint can state a claim, third parties caused, or were responsible for part or all of the harm.  Modernize cannot be held vicariously liable for the actions of these third parties.

### NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

9.       Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE
### (Standing)

10.       Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, because they suffered no actual injury, and they lack standing to assert the claims alleged in the Complaint.  *See Spokeo, Inc. v. Robins*, (2016) 136 S. Ct. 1540, 1550.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

11.       To the extent that Plaintiff and the putative class members suffered any damages, they failed to take any and all reasonable actions to avoid or reduce their damages, and any damages awarded to them must be reduced accordingly.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

12.       Modernize did not proximately cause any damage, injury or violation alleged in the Complaint.

///

1
2

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Not Knowing or Willful Misconduct)

3        13.     Any claim for treble damages under the TCPA is barred because Modernize did

4   not engage in any knowing or willful misconduct.

5   ### FOURTEENTH AFFIRMATIVE DEFENSE
6   #### (No Agency)

7        14.     The parties responsible for the actions alleged in the Complaint were not

8   Modernize's agents, and Modernize cannot be held responsible for them.

9   ### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Due Process)
10

11        15.     The claims of Plaintiff and the putative class, including the imposition of statutory

12   damages under the TCPA, violate the Due Process Clause of the United States Constitution.

13   ### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Existing Business Relationship)
14

15        16.     The claims of Plaintiff and the putative class are barred, in whole or in part,

16   because they maintained an existing business relationship with the caller.

17   ### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Safe Harbor)
18

19        17.     The claims of Plaintiff and the putative class are barred, in whole or in part, by the

20   TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

21   ### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Less Than 30 Days Following Request to Be Placed On Company DNC List)
22

23        18.     The claims of Plaintiff and the putative class are barred, in whole or in part, to the

24   extent that the calls at issue were made within (30) days from the time the customer requests to be

25   put on Modernize's internal Do Not Call list.

26   ///

27   ///

28   ///

## NINETEENTH AFFIRMATIVE DEFENSE
### (Response to Customer Inquiry/Request

19.     The claims of Plaintiff and the putative class are barred, in whole or in part, to the extent that the calls at issue were made in response to a consumer inquiry, or request to be called.

## TWENTIETH AFFIRMATIVE DEFENSE
### (One Call Safe Harbor for Wrong Number Calls)

20.     The claims of Plaintiff and the putative class are barred, in whole or in part, to the extent that the calls at issue were the first call made to a phone number that no longer belongs to the individual or household that originally requested to be called by Modernize, and were made while Modernize was unaware that the number at issue had been reassigned.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Charge)

21.     Plaintiff and putative class members were not "charged for the call," as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Good Faith)

22.     Plaintiff and the putative class members' claims are barred, in whole or in part, because Modernize possessed a good faith belief that they had the requisite level of prior express consent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Right to Tender Relief)

23.     Modernize reserves the right to tender relief by depositing the full amount of Plaintiff's claims in an account payable to Plaintiff in order to moot Plaintiff's claims. *See Campbell-Ewald Co. v. Gomez*, (2016) 136 S.Ct. 633, 672.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

24.     Modernize further avers that it currently lacks sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative

///

defenses.  Modernize reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Modernize respectfully request that:

1.    The Court enter judgment in favor of Modernize, and against Plaintiff.

2.    The Court award Modernize all expenses, costs and attorneys' fees in connection with this lawsuit; and

3.    The Court award such other and further relief to Modernize as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a jury trial by jury of any and all issues in this action so triable of right.

Dated:  September 13, 2017                    ROGERS JOSEPH O'DONNELL


                                              By:   */s/ Aaron M. Scolari*
                                                    AARON M. SCOLARI
                                                    JOSHUA M. DEITZ
                                                    Attorneys for Defendant
                                                    MODERNIZE, INC.

DEFENDANT MODERNIZE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT –
CASE NO: 5:17-CV-04444-NC

401095.1

## CERTIFICATE OF SERVICE
### [FRCivP 5(b)]

I, Gloria Joyce, state:  My business address is 311 California Street, 10th Floor, San Francisco, CA 94104.  The electronic notification address from which I served the documents listed below is: gjoyce@rjo.com.  I am employed in the City and County of San Francisco where this service occurred.

I hereby certify that on September 13, 2017 I electronically filed the foregoing document with the United States District Court Northern District of California by using the CM/ECF system.

**DEFENDANT MODERNIZE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

NAMES AND ADDRESSES OF PARTIES SERVED:

| | |
|---|---|
| L. Timothy Fisher, Esq. | Scott A. Bursor, Esq. |
| Joel D. Smith, Esq. | BURSOR & FISHER, P.A. |
| BURSOR & FISHER, P.A. | 888 Seventh Avenue |
| 1990 North Carolina Blvd., Ste 940 | New York, NY 10019 |
| Walnut Creek, CA 94596 | Tel: (212) 989-9113 |
| Tel: (925) 300-4455 | Fax: (212) 989-9163 |
| Fax: (925) 407-2700 | Email: scott@bursor.com |
| Email: ltfisher@bursor.com | *Attorney for Plaintiff* |
| Email: jsmith@bursor.com | *SYLVIA MORRIS* |
| *Attorney for Plaintiff* | |
| *SYLVIA MORRIS* | |
| | |
| DALE R. BISH, Esq. | PETER C. HOLM, Esq. |
| WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI |
| Professional Corporation | Professional Corporation |
| 650 Page Mill Road | 1 Market Street |
| Palo Alto, California 94304 | Spear Tower, Suite 3300 |
| Telephone: (650) 493-9300 | San Francisco, California 94105 |
| Facsimile: (650) 493-6811 | Telephone: (415) 947-2000 |
| dbish@wsgr.com | Facsimile: (415) 947-2099 |
| *Attorney for Defendant* | pholm@wsgr.com |
| *SUNPOWER CORP.* | *Attorney for Defendant* |
| | *SUNPOWER CORP.* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated:  September 13, 2017

*Gloria Joyce*
Gloria Joyce

DEFENDANT MODERNIZE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT –
CASE NO: 5:17-CV-04444-NC

401095.1